*1235 OPINION.
Murdock.:
The parties state that the only question in issue in these proceedings is whether the shares sold are sufficiently identified as from particular lots purchased so as to take the basis of shares from those particular lots, or whether, because of insufficient identification, the “first in, first out” rule is applicable. Neither party invokes the rule first amiounced by the Board in Olive Hume Oliver, 30 B. T. A. 1381 (affd., 79 Fed. (2d) 561), and followed in Alvin T. Fuller, 31 B. T. A. 154 (reversed 81 Fed. (2d) 176). The Board held in those cases that there could be no identification after a split-up of shares due to a reduction in their par value, the first in, first out rule would not apply, and the average cost would have to be used. Those cases on that particular issue were not like the case of Christian W. Von Gunten, 28 B. T. A. 702; affd., 76 Fed. (2d) 670, where the shares sold were all acquired at one time in a reorganization. The Fuller case has now been reversed and the court has rejected the averaging rule. To the same effect see Skinner v. Eaton, 45 Fed. (2d) 568; certiorari denied, 283 U. S. 837; William P. Jenks, 22 B. T. A. 910; Solomon Kraus, 33 B. T. A. 1088. The court held in the Fuller case that the shares sold were sufficiently identified as those which the taxpayer intended to sell. Each of the present taxpayers sold shares of stock from lots purchased at different times and at different prices. If .any of the shares sold are identified in this record as shares purchased at some particular cost, then the gain from that sale must be computed by use of the basis applicable to those particular shares. Skinner v. Eaton, supra. Otherwise the determination of the Commissioner in which he applied his first in, first out rule can not be disturbed. Towne v. McElligott, 274 Fed. 960; Helvering v. Rankin, 295 U. S. 123.
The petitioners, at the time of each sale, selected the lot from which they desired to make the sale. They delivered certificates which, according to their books, represented shares from the lot from which they desired to make the sale. The decision of the court in the Fuller case is authority for the proposition that the identity of the lots need not necessarily be lost when the old certificates are surrendered for the purpose of a stock split-up. These petitioners might possibly have obtained a statement from the transfer agent as *1236 to just what new certificates were issued for each of the old certificates, but we think that their method of arbitrarily assigning the lowest numbered new certificate to the earliest lot purchased was sufficient under the circumstances to preserve the identity and avoid the effect of the first in, first out rule.
Reviewed by the Board.

Decision will he entered under Bule 50.